Francis J. Donovan, J.
Defense counsel, on arraignment, objected to the court’s (1) ordering defendant to submit to an examination for possible drug addiction and (2) to the court’s remanding defendant to jail for such purpose.
Decision was reserved in order to allow a full study of the problem. The court has heretofore followed a practice of remanding for examination pursuant to section 207 of the Mental Hygiene Law in the first instance in some cases.
Experience has shown that immediate examination at the jail is impossible and a defendant may be held as long as five days for the examination and report.
The defense urges that an examination may be directed of persons charged with violations of article 220 of the Penal Law in those instances only where symptoms of addiction are found.
Chapter 680 of the Laws of 1967 (§ 95) amended section 207 of the Mental Hygiene Law by adding the language: ‘ and every person charged with a violation of any offense defined in article two hundred twenty of the penal law ”.
If persons charged with a violation of article 220 are to be examined only in cases where symptoms appeared, the amendment was unnecessary. Since such violations are crimes, such defendants showing symptoms were subject to examination under the pre-existing law.
We must not construe a statute in such a way that would result in the Legislature having performed a useless or vain act. (People v. De Renna, 166 Misc 582.) The only conclusion we can draw is that the intent of the Legislature was to broaden section 207 to require all persons charged with article 220 violations to undergo examinations without regard to the presence or absence of symptoms.
The defendant will be ordered to submit to such examination.
This brings us to the second question: May he be remanded without bail for such examination'?
An analogous situation may be found in section 2302 of the Public Health Law requiring examination of all persons charged *229 with prostitution. Subdivision 2 of this section states: “ an arrested person may be detained until the results of such examination are known.” (Emphasis supplied.)
There is no such phrase in section 207 of the Mental Hygiene Law. The only reference to a “ remand ’ ’ is contained in subdivision 3 which provides that a person who fails to or neglects to appear for such examination (for possible addiction) without just cause may be remanded for such purpose.
The court has considered the possible implication of power to remand in the first instance, from the language: “3. If a person, who is required to undergo a medical examination pursuant to this section, is released from custody with or without bail prior to undergoing such medical examination ”.
This hypothetical expression is consistent with the situation on arraignment.
There will be people in custody for a variety of reasons. Some may have pleaded guilty and await sentence, some may be unable to post bail, some may be held without bail on a felony charge, some may be in custody on other charges.
Not all will be released. Accordingly there will be some who are examined before release. However, there is no power that can be implied to hold without bail solely for the purpose of a narcotic examination.
Defendant is directed to submit to examination at a time and place to be fixed by an order of this court.