Francis J. Donovan, J.
Defendant is charged with a violation of section 220.05 of the Penal Law, to wit: possession of marijuana. He shows no symptoms of narcotic addiction nor is there any information before the court indicating a probability of such addiction.
In People v. Purves (55 Misc 2d 227) section 207 of the Mental Hygiene Law was construed to require the examination of all *712 persons charged with any violation of article 220 of the Penal Law, notwithstanding the absence of any evidence by way of symptoms or information to indicate that the person might appear to be a narcotic addict. The opinion proceeded on a literal interpretation of the statute.
The court takes judicial notice of the fact that in the years following Turves that there have been thousands of references for examinations where defendants were charged solely with possession of marijuana and there was no reasonable ground to suspect narcotic addiction. The court also takes judicial notice of the fact that marijuana is a nonaddictive drug and is not included within the drugs designated by section 201 of the Mental Hygiene Law in defining the term “ narcotic addict ”.
The procedure of referring marijuana users for narcotic addiction examination has resulted in a gross waste of time and public money, with an unreasonable burden placed upon defendants, many of whom are of tender years. The conducting of such futile examinations actually impedes the work of the Narcotic Addiction Control Commission by diverting doctors from more productive work and interferes with the judicial process as well.
The statute should be construed with a view to accomplishing the manifest purpose of the State Legislature, namely, narcotic addiction control and should not be so construed as to produce an irrational or futile result (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 141).
It is therefore the opinion of this court in the light of the dominant purpose of the Legislature and the judicially noted facts, that the statute does not require a narcotic addiction examination of persons charged with possession of marijuana unless there are symptoms or other evidence indicating possible narcotic addiction.
Section 207 of the Mental Hygiene Law should be construed to require narcotic addiction examination for violations of article 220 of the Penal Law in those cases where the drug involved in the charge is addictive or where symptoms or evidence indicates possible narcotic addiction.
■Such an interpretation gives the court discretion to act where possession of marijuana is the charge and there are other facts which would indicate a possibility of narcotic addiction and would permit the court to dispense with useless examinations where the only fact appearing is that the defendant is charged with possession of marijuana.
Accordingly the court declines to direct an examination under section 207 of the Mental Hygiene Law in the instant case.