Murray Koenig, J.
The defendant moves pursuant to CPL 440.20 to set aside the sentence imposed upon the ground that it was unauthorized, illegally imposed or otherwise invalid as a matter of law. The sole issue raised by the defendant is whether he could properly be sentenced under the Penal Law without first having been examined pursuant to section 81.19 of the Mental Hygiene Law (formerly § 207) where he was charged with a violation of article 220 of the Penal Law.
This is a case of “ second impression ” — the first time this precise issue has been raised in the First Judicial Department.
Subdivision (a) of section 81.19 states: “ Every person charged with a violation of section seventeen hundred forty- *559 seven-e, section seventeen hundred fifty-one or section seventeen hundred fifty-one-a of the former penal law as in force and effect immediately prior to September first, nineteen hundred and sixty-seven, which was committed after April first, nineteen hundred sixty-seven, and every person charged with a violation of any offense defined in article two hundred twenty of the penal law, and every person charged with any felony or misdemeanor or the offense of prostitution, which was committed after October first, nineteen hundred. sixty-seven, who, while in custody or when he appears before the court, shall state, indicate or show symptoms, or it otherwise appears, that he is a narcotic addict, shall undergo a medical examination to determine whether he is a narcotic addict.” (Emphasis added.) This section of the Mental Hygiene Law was originally enacted in April, 1966, as part” of a comprehensive plan to provide care, treatment and rehabilitation of narcotic addicts. (See L. 1966, ch. 192, § 12.)
Shortly thereafter, on May 10,1966, a statement by Governor Rockefeller was presented by the then Chairman of the Nar- . cotie Addiction Control Commission to the United States Senate ' Committee on the Judiciary, Subcommittee on Criminal Laws and Procedures. The Governor indicated thqt the legislation was designed so that, “ Every defendant arrested for a crime or the offense of prostitution, and believed to be a narcotic addict, would be given a medical examination as soon as possible to determine whether such a person is an addict ” (emphasis added). The Governor further stated: “ These provisions become effective April 1, 1967, for defendants arrested for violations of the narcotic laws, and October 1, 1967, for defendants arrested for other felonies or misdemeanors or for the offense of prostitution.” The reason for listing narcotic • offenses separately was apparently due to the different dates on which these laws were to take effect.
After the effective date of the act, the District Court in Nassau County (People v. Purves, 55 Misc 2d 227) dealt with the question of whether or not a person accused of violating article 220 of the Penal Law had to be examined even though he did not “ state, indicate or show symptoms, or it otherwise appears ” that he was a narcotic addict. In thqt case, the learned Judge answered the question in the affirmative. The .court argued that since violations of article 220 of the Penal Law were either felonies or misdemeanors, the amendment of section 207 of the Mental Hygiene Law (see L. 1967, ch. 680, § 95) would have been unnecessary if the presence of symptoms *560 were required. The court in Purves did not consider in its opinion the effective date of the amendment and the effective date of the new Penal Law, both of which went into effect on September 1, 1967.
The problem created by the seemingly unusual construction of the statutory language remained dormant until 1970, when the same District Court Judge was called upon to review the question. (People v. Maguire, 63 Misc 2d 711, 712.) This case, however, had an added twist. Unlike the Purves case the defendant in Maguire was charged with possession and use of marijuana, then as now considered a ‘ ‘ narcotic ’ ’ under law even though it is not regarded as addictive. The court arrived at a rather curious finding. It held that the questioned section (the former § 207 of the Mental Hygiene Law) did not, and apparently never was, intended to apply to persons accused of possession of marijuaná, in the absence of symptoms of narcotic addiction. The court stated that “ The procedure of referring marijuana users for narcotic addiction examination has resulted in a gross waste of time and public money ” and further that “ the conducting of such futile examinations actually impedes the work of the Narcotic Addiction Control Commission by diverting doctors from more productive work and interferes with the judicial process as well.”
This court, with all due deference to the learned Judge in the Purves and Maguire cases, is unable to discern how the purpose and intent of the Legislature could so drastically change between 1967 and 1970 without any change in the statutory language. This court is, however, inclined to accept the rationale of the Maguire case insofar as it does not require examination for addiction where symptoms, admissions or other signs of addiction are absent.
The only appellate level case dealing with the interpretation of this portion of section 207 was People v. Olson (36 A D 2d 749 [2d Dept., March 15, 1971]). In that case, the defendant appealed on an alleged excessiveness of sentence. The arguments and briefs of counsel were directed solely to this issue. The Appellate Division upon reading the record found that in the presentence report and at the time of sentencing the defendant indicated that he was seeking assistance in overcoming “ his narcotic uses in the past.” The court in a memorandum decision held that, ‘ ‘ Since defendant was charged with a violation of article 220 of the Penal Law, the sentencing court should not have imposed sentence prior to receiving the report of the medical examination mandated by sections 207 and 208 of the Mental Hygiene Law.”
*561 On April 5, 1971, the District Attorney’s office of Suffolk County sought reargument of the Olsen case and modification of the decision. The District Attorney conceded the correctness of the court’s decision since in the particular case there was evidence that the defendant was dependent upon narcotic drugs. However, he contended that were it not for these manifestations, an examination would not have been required. In other words, that a charge under article 220, in and of itself, does not require an examination under section 81.19 (formerly 207) of the Mental Hygiene Law. The Appellate Division granted reargument, vacated its own order, and upon reargument sustained the County Court’s determination that an examination would not be required unless outward manifestations or indications of addiction were present. (People v. Olsen, 36 A D 2d 966 [2d Dept., May 17, 1971].)
The dissenting opinion of Justice Gtjlotta recognized the issue, and acknowledged the “ somewhat ambiguous phraseology of section 207 of the Mental Hygiene Law ”. Unfortunately, the learned Justice fell into the interpretive trap unwittingly set by the Legislature. The Justice stated that: “ that section provides in substance that any person charged with an article 220 crime (i.e., a drug crime) and any person charged with any felony or misdemeanor or the offense of prostitution, ‘ who, while in custody or when he appears before the court, shall state, indicate or show symptoms, or it otherwise appears, that he is a narcotic addict ’, shall be examined.” The Justice then posed the following question (p. 967): “ does the quoted clause modify both of the foregoing classes of persons or only the second class?” The conclusion he drew, grudgingly, and on constraint, was (p. 967): “ that it modifies only the second class, for, were it otherwise, there would be no need to state the first class separately, since all article 220 crimes are felonies or misdemeanors and would have been included in any event. It would seem that we must conclude that the Legislature had in mind to treat drug violators differently from others.” (Emphasis added.)
The conclusion, so deceptively cogent and plausible, must fall because of an omission in the major premise. The Justice’s citation of the statute (§ 207) makes no reference to the fact that examinations are only mandated under the designated circumstances where a person is charged with “ any felony or misdemeanor or the offense of prostitution, which was committed after October first, nineteen hundred sixty-seven ” (Mental Hygiene Law, § 81.19, subd. [a]) (emphasis added). *562 Had the learned Justice focused upon the different operative dates of the various portions of the section then, no doubt, he would have indeed found (p. 967) a “need to state the first class separately ” other than one of differential treatment for drug offenders.
The Suffolk County District Attorney’s brief on reargument based his contention upon several arguments. First, that the use of commas to set off each of the clauses instead of. semicolons or colons indicated that the clause pertaining to symptoms applied equally to all the preceding clauses; that it would be grammatically incorrect to limit the appearance of symptoms to those persons charged with felonies, misdemeanors or prostitution;
Second, that the definition of “ narcotic addict ” as contained in section 201 of the Mental Hygiene Law does not include persons dependent upon or in possession of marijuana nor a nonaddict who sells or ‘£ pushes ’ ’ hard drugs.
In view of the legislative history of the section (§ 207) previously discussed,, it is clear that the Legislature did not intend that all article 220 offenders submit to narcotic examinations irrespective of the presence of signs of addiction. Further, that all the arguments and counterarguments raised, however logical they may be, were not within the contemplation of the Legislature when the section was enacted.
As to the instant case, this court finds that at time of sentence the defendant was ably represented by private counsel. The court had a full and complete presentence report before it as well. The defendant at no time admitted that he was an addict nor did he exhibit any signs of addiction.
With reference to the presentence report, the court notes that the defendant was extensively interviewed by a senior member of the Office of Probation. The probation officer questioned the defendant as to drug use. The defendant stated that while on occasion “ he sniffed heroin and cocaine, he did not consider himself an addict”.. In addition, the court had before it a “ CB-1N ” (form indicating that narcotic addiction was not suspected) signed by the arresting officer.
The defendant in his motion papers rests his prayer for relief solely upon the fact that he was charged with a violation of article 220. He still does not admit addiction. The defendant was originally charged with possession of a felony weight of heroin and with possession of paraphernalia commonly used, in the cutting and distribution of dangerous drugs. A plea of guilty to a oharge of violating section 22Q.($ of tfro Fonal £aw *563 (misdemeanor possession) was accepted to cover the underlying charges. The Assistant District Attorney recommended incarceration for one year and the case was adjourned for investigation and sentence. This court sentenced the defendant to incarceration for a period of nine months.
The defendant cites numerous cases (People v. Di Vito, 39 A D 2d 968; People v. Bennett, 39 A D 2d 320; People v. Fobbs, 40 A D 2d 551; People v. Blackman, 40 A D 2d 552; People v. Sczerbaty, 37 A D 2d 428; People v. Horton, N. Y. L. J., Dec. 27, 1972, p. 2, col. 1) for the proposition that if a defendant is found to be a narcotic addict as a result of an examination that the court is obliged to sentence such defendant to the care and custody of the Narcotic Addiction Control Commission. Even' if this were true, and the law (see § 208) by no means makes the examination results conclusive evidence of addiction, it would not avail this defendant. All the cases cited are distinguishable from the instant case in that the cited cases involve circumstances where the defendant either admitted or showed signs of addiction.
The defendant’s motion to set aside his sentence and to be resentenced after an examination for narcotic addiction is denied.